**Marjorie MARTINEZ, Individually and on Behalf of the Estate of David Clish, Deceased, Appellant,**

v.

**The CITY OF ABILENE, Appellee.**

No. 11-97-009-CV.

Court of Appeals of Texas, Eastland.

Feb. 5, 1998.

Roy Longacre, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellant.

Sharon Hicks, Victor Carrillo, City Attorney's Office, Abilene, David LaBrec, Katie Anderson, Strasburger & Price, Dallas, for appellee.

DICKENSON, WRIGHT, JJ., and McCLOUD, Senior Justice.[*]

OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

Marjorie Martinez, individually, and as representative of the Estate of David Clish, sued the City of Abilene for the wrongful death of her son, David Clish. The City filed special exceptions to plaintiff's pleadings,

---

[*] Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

urging that Martinez failed to plead facts to support a cause of action under TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 et seq. (Vernon 1997 & Supp.1998). Plaintiff refused to replead, and the trial court dismissed plaintiff's suit. Martinez appeals. We affirm.

Plaintiff alleged that David, who suffered from schizophrenia, depression, and epileptic seizures, was living with his brother, Dean Clish, in Abilene. David left Abilene in his vehicle without telling Dean he was leaving. After a few days, Dean went to the Abilene Police Department and filed a missing person report. Dean gave the police officer taking the report the correct vehicle identification number (VIN) of the car David was driving. Plaintiff alleged that the police officer, Lieutenant Ken Merchant:

> [T]ook the information from DEAN and inputted the information into CITY's computer system, which in turn would forward the information to law enforcement agencies across the state and nation via the National Crime Information Center ("NCIC"). In entering the information, however, MERCHANT put the VIN in the wrong category in the computer.

Plaintiff alleged that the City's mistake caused a delay which proximately caused the death of her son. Specifically, Martinez pleaded that the incorrect vehicle identification entry caused a failure of the "NCIC" to create a "hit" when David's vehicle was found near Tacoma, Washington. The Washington State Police turned in the vehicle; but, because the City of Abilene had incorrectly inputted the vehicle identification number, the system failed to show a "hit." This delayed the ability to locate the vehicle and David. Plaintiff alleged that the delay caused David's death.

Plaintiff argues that she properly alleged a cause of action against the City when she pleaded that her son's death was caused by the negligent use of the computer which was "tangible personal property." [1]

The Supreme Court in *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175 (Tex.1994), held that "information" does not constitute tangible personal property under Section 101.021(2) of the Texas Tort Claims Act. The court observed that, while the paper on which doctors may record information about a patient's condition is tangible in that paper can be seen and touched, "information" itself is an abstract concept, lacking corporeal, physical, or palpable qualities. The court added: "Information thus, is intangible; the fact that information is recorded in writing does not render the information tangible property."

In *Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994), the court stated that a governmental unit does not waive its sovereign immunity by "using, misusing, or not using information." At issue in *Kassen* was the use of medical records, a patient file, and an emergency room procedures manual. In *Dallas County v. Harper*, 913 S.W.2d 207 (Tex. 1995), the court cited *York* and held that an indictment is no more than a grand jury's pronouncement reduced to writing and that it is not tangible personal property for purposes of waiver under the Texas Tort Claims Act.

In this case, the vehicle identification number of the car David was driving was "information" that Lieutenant Merchant put "in the wrong category in the computer." This is a case of misuse of information, not a case of misuse of tangible property.

The recent cases of *Thomas v. Brown*, 927 S.W.2d 122 (Tex.App.—Houston [14th Dist.] 1996, writ den'd), and *Dear v. City of Irving*, 902 S.W.2d 731 (Tex.App.—Austin 1995, writ den'd), cited *York* and held that the use of computers, telephones, or records to collect and communicate "information" is not a use of tangible personal property under the Texas Tort Claims Act. See also: *Thornhill v. Ronnie's I-45 Truck Stop, Inc.*, 944 S.W.2d 780 (Tex.App.—Beaumont 1997, writ abated); *Clawson v. Wharton County*, 941 S.W.2d 267 (Tex.App.—Corpus Christi 1996, no writ); *Seamans v. Harris County Hospital Dis-*

---

1. Section 101.021(2) provides that, under certain circumstances, a governmental unit may be liable for personal injury or death caused by a condition or use of tangible personal or real property.

*trict,* 934 S.W.2d 393 (Tex.App.—Houston [14th Dist.] 1996, no writ); *Texas Youth Commission v. Ryan,* 889 S.W.2d 340 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Plaintiff argues that *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30 (Tex.1983), supports her position. The court in *York* distinguished *Salcedo* and stated that an "electrocardiogram" was tangible personal property. Here, as in *York,* Martinez alleged that the City of Abilene failed to prop-erly record in the computer the information regarding the vehicle identification number.

The judgment of the trial court is affirmed.