COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CITY OF EL PASO, | § | No. 08-07-00087-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law #3 |
| | § | of El Paso County, Texas |
| JACKIE LYNN WILKINS, Individually and as Independent Executrix of the Estate of JACK FREDERIC BLACKHAM, and on Behalf of all Wrongful Death Beneficiaries, | § | (TC# 2002-1765 ) |
| | § | |
| Appellees. | § | |
| | § | |

**O P I N I O N**

This is an interlocutory appeal by the City of El Paso from the denial of its plea to the jurisdiction of Appellees' claims under the Texas Tort Claims Act for wrongful death.

On May 6, 2000, at approximately 5:10 a.m., Mr. Blackham called 9-1-1, requested the police go to his house, and then hung up. The call taker identified it as a high priority call and immediately sent the information to the police dispatcher. A police unit did not arrive until two and half hours later. Mr. Blackham was found dead; he had committed suicide. The responding officers stated in their deposition that a call pending for a couple of hours was not unusual, but was not typical either. On weekends, units are very busy, and it is common to come in the morning, and have to "clean up the mess from the night before . . . ."

The Appellees brought suit seeking damages under Sections 101.021, 101.0215, 101.055, and 101.062 of the Texas Civil Practice and Remedies Code. A hearing was held on the City of

El Paso's plea to the jurisdiction and motion for summary judgment on March 9, 2007. The plea to the jurisdiction was denied, and no ruling was made on the motion for summary judgment. The City brings this interlocutory appeal from the denial of Appellant's plea to the jurisdiction based on governmental immunity.

Municipalities are immune from suit under the doctrine of sovereign immunity unless the Legislature has expressly waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). A trial court lacks subject matter jurisdiction when a cause of action is barred by sovereign immunity, and dismissal with prejudice is proper. *Sepulveda v. County of El Paso*, 170 S.W.3d 605, 610 (Tex.App.--El Paso 2005, pet. denied). *citing City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex.App.--Austin 1998, no pet.). Subject matter jurisdiction is a question of law, which we review *de novo*. *Sepulveda*, 170 S.W.3d at 610, *citing City of Saginaw v. Carter*, 996 S.W.2d 1, 2 (Tex.App.--Fort Worth 1999, pet. dism'd w.o.j.). The plaintiff has the burden to allege facts affirmatively demonstrating the trial court has subject matter jurisdiction. *Id*. We consider the allegations in the petition as true, and construe the jurisdictional pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Sepulveda*, 170 S.W.3d at 610, *citing City of Saginaw*, 996 S.W.2d at 2-3; *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex. 1993). A court deciding a plea to the jurisdiction, however, is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

The statute provides in relevant part:

A governmental unit in the state is liable for:

.  .  .

>    (2)    personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC.&REM.CODE ANN. §101.021(2)(Vernon 2005).

In order to establish waiver under Section 101.021(2) of the Act, Appellees rely on an allegation that the inadequate condition of the communications system contributed to the delay which caused the death of Mr. Blackham. To properly state a claim involving the condition of property, it is sufficient to allege that defective or inadequate property contributed to the injury. *City of El Paso v. Hernandez*, 16 S.W.3d 409, 417 (Tex.App.--El Paso 2000, pet. denied).

In Appellees' first amended petition, the claims are based on the City's delayed response to Mr. Blackham's emergency call. It is asserted that the failure to act was caused by a condition or use of tangible personal or real property, and as a proximate result of the delay he did not receive appropriate medical care or assistance, which resulted in him taking his own life. However, the Appellees pled no affirmative facts of the condition or use of the communication system. At the hearing on the plea to jurisdiction, the Appellees argued that calls were not responded to for hours, which is condition of the communication system itself. There are no facts or evidence alleged that there was a problem with the telephones or computer systems used. In *Hernandez*, there was evidence that during the delay, that the phone lines at EMS became so busy that the additional calls were forwarded to the fire department, but there was no allegation and no evidence that any calls related to the case were forwarded to the fire department or that this condition of the system contributed to the delay, as such, the claim did not fall within Section 101.021(2). *Hernandez*, 16 S.W.3d at 417. This Court also held that a complaint about

-3-

a delay in the dispatch of a transport ambulance was a non-use allegation of the communication system, which does not waive immunity. *Id.* In *City of Hidalgo Ambulance Service v. Lira*, one of our sister courts held that an allegation regarding a failure to dispatch an ambulance was not a claim about the use or misuse of tangible property but rather the conveyance or non-conveyance of information. *City of Hidalgo Ambulance Service v. Lira*, 17 S.W.3d 300, 304 (Tex.App.--Corpus Christi 2000, no pet.).

The allegation of the inadequate condition of the "communication system" is based on the failure to timely dispatch a police unit in response to the call. The officers who actually responded to the call stated that the delay is not unusual especially if there was a busy night since at times there could be as little as three units patrolling. This failure to dispatch involved the conveyance of information, which is not tangible personal or real property. Information is an abstract concept, lacking corporeal, physical, or palpable qualities. *Univ. of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178-79 (Tex. 1994). People, likewise, are not personal or real property, so the call takers, dispatchers, and officers cannot be considered as a condition or use of tangible property. *See Hernandez*, 16 S.W.3d at 417. The phones and computers are tangible, but there are no allegations or evidence that they were in any defective or inadequate condition or that the phones or computers were misused. The "communication system" Appellees argue is inadequate is not tangible property, and does not fall within the waiver of immunity statute. The complaint of use of property is a non-use complaint, which likewise does not come within the statute. We sustain the City's Issues One and Two. Given the disposition of the two issues, we need not address the City's other issues raised.

Having sustained the City's Issues One and Two, we reverse the trial court's order

-4-

denying the plea to jurisdiction and dismiss the cause with prejudice.


May 15, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.