

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00340-CV

---

ERIC DRAKE                                                          APPELLANT

V.

CHASE BANK                                                          APPELLEE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-20534-158

----------

## MEMORANDUM OPINION[1]

----------

Pro se Appellant Eric Drake sued Appellee Chase Bank (1) for reporting debts of which he was "unfamiliar" on his "credit bureau" and (2) for intentional infliction of emotional distress.[2]   Chase moved to dismiss Drake's claims pursuant to rule of civil procedure 91a; the trial court granted the motion and

---

[1]*See* Tex. R. App. P. 47.4.

[2]Drake sued over twenty other defendants.

awarded Chase attorneys' fees in the amount of $2,480; Drake filed motions to reconsider the ruling; and the trial court denied the motions and awarded Chase additional fees in the amount of $1,545. Drake raises eight issues on appeal. We will affirm.

### A. Rule 91a

Drake argues in his fifth issue that the trial court erred by granting Chase's rule 91a motion to dismiss.

Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The motion must identify each cause of action to which it is addressed and specifically state the reasons the action has no basis in law, no basis in fact, or both. Tex. R. Civ. P. 91a.2. The trial court must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by rule 59. Tex. R. Civ. P. 91a.6.

The Houston Fourteenth Court of Appeals recently considered the proper standard of review to apply to a trial court's ruling on a rule 91a motion to dismiss. *See Wooley v. Schaffer*, No. 14-13-00385-CV, 2014 WL 3955111, at *2–4 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, no pet.). After analogizing

2

a motion to dismiss under rule 91a to a plea to the jurisdiction and looking to caselaw interpreting federal rule of civil procedure 12(b)(6), the court reasoned,

> We conclude that both determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. In conducting our review, . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact.

*Id.* at *4; *see also City of Dallas v. Sanchez*, No. 05-13-01651-CV, 2014 WL 5426102, at *2 n.3 (Tex. App.—Dallas Oct. 27, 2014, no pet. h.) (applying de novo standard of review to ruling on rule 91a motion to dismiss); *Dailey v. Thorpe*, No. 01-13-00492-CV, 2014 WL 4257739, at *2 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (same). We agree with the Houston and Dallas courts and will review de novo the trial court's ruling on Chase's rule 91a motion to dismiss.

Drake pleaded a claim against Chase for irreparable harm to his credit, alleging that Chase had reported debts of which he was "unfamiliar" on his "credit bureau." Although a party may recover loss-of-credit damages, the party must prevail on a cause of action for which those damages are recoverable, such as for breach of contract or for a violation of the Deceptive Trade Practices Act. *See Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 688 (Tex. 1981); *Connell Chevrolet Co. v. Leak*, 967 S.W.2d 888, 892 (Tex. App.—Austin 1998, no pet.). Drake pleaded no underlying claim or facts that would support an award of damages for

3

harm to his credit, and Texas does not recognize an independent claim for irreparable harm to credit. *See Gabriel v. Associated Credit Union of Tex.*, No. 14-12-00349-CV, 2013 WL 865577, at *4 n.8 (Tex. App.—Houston [14th Dist.] Mar. 7, 2013, pet. denied) (mem. op.); *Bosch v. Provident Am. Life & Health Ins. Co.*, No. 14-06-00694-CV, 2007 WL 3105265, at *3 (Tex. App.—Houston [14th Dist.] Oct. 25, 2007, pet. denied) (mem. op. on reh'g) ("As to his damage to credit cause of action, Bosch again fails to cite any law providing for a separate cause of action."). Thus, Drake's harm-to-credit claim has no basis in law, and the trial court did not err by granting Chase's rule 91a motion to dismiss that claim.

Drake also pleaded a claim against Chase for intentional infliction of emotional distress (IIED). He premised the claim upon allegations that Chase had "wrongly plac[ed] incorrect information on [his] credit bureau." To support liability for IIED, the defendant's conduct must have been extreme and outrageous, and the distress suffered by the plaintiff must have been so severe that no reasonable person should have been expected to endure it. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 616, 618 (Tex. 1999). Drake's IIED claim has no basis in fact because no reasonable person could believe that Chase engaged in extreme and outrageous conduct by merely reporting information on Drake's credit or that the credit report could cause Drake distress so severe that no reasonable person should have been expected to endure it. Drake's IIED claim is patently baseless. The trial court therefore did not err by granting Chase's rule 91a motion to dismiss Drake's IIED claim. We overrule Drake's fifth issue.

4

**B. Attorneys' Fees**

Directing us to the code of criminal procedure and numerous criminal cases, Drake argues in his first and second issues that the trial court erred by awarding Chase attorneys' fees because he was allowed to proceed as an indigent and that absent evidence of a substantial change in his financial circumstances, he was presumed to remain indigent for the remainder of the proceeding for purposes of assessing attorneys' fees. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2014). The code of criminal procedure does not apply to this civil lawsuit; the rules of civil procedure do. *See id.* art. 1.02 (West 2005) (stating that the code of criminal procedure "shall govern all criminal proceedings"); Tex. R. Civ. P. 2 ("These rules shall govern the procedure in the . . . district courts of the State of Texas in all actions of a civil nature . . . .").

Rule of civil procedure 91a.7 states,

> Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court *must award* the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court.

Tex. R. Civ. P. 91a.7 (emphasis added). Thus, excluding actions by or against a governmental entity or a public official, the rule's language suggests that an award of attorneys' fees to the prevailing party on a rule 91a motion to dismiss is mandatory, not discretionary. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' and 'is

5

entitled to' attorney fees are not discretionary."). Moreover, the rule says nothing about exempting indigent parties from paying attorneys' fees to a party who prevails under rule 91a. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding) (stating that courts apply the same rules of construction that govern the interpretation of statutes when construing rules of procedure); *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (stating that courts construe statutes according to their plain and common meaning). As neither Chase nor Drake is a governmental entity or a public official, the trial court did not err by awarding Chase, the prevailing party, attorneys' fees. We overrule Drake's first and second issues.

Drake argues in his seventh issue that the trial court erred by awarding Chase attorneys' fees that it incurred related to his motion to reconsider. Drake filed the motion to reconsider because the trial court granted Chase's rule 91a motion to dismiss Drake's claims. The trial court did not err by awarding Chase the additional fees because Chase incurred them in connection with its rule 91a challenge to Drake's claims. *See* Tex. R. Civ. P. 91a.7 (mandating award of *all* costs and reasonable and necessary attorney fees incurred *with respect to* challenged cause of action). We overrule Drake's seventh issue.

Drake argues in his sixth issue that the evidence is legally and factually insufficient to support the award of attorneys' fees to Chase. The determination of reasonable attorneys' fees is a matter within the sound discretion of the trial court; legal and factual sufficiency points are not independent grounds or error,

6

but are relevant factors in assessing whether the trial court abused its discretion. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990); *see Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). When considering the reasonableness of a fee, the factfinder should consider the factors set out in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

Regarding Chase's fees for the initial hearing on its motion to dismiss, its attorney submitted an affidavit and presented live testimony establishing the hours devoted to the matter, who performed the work, the rate charged, what work was performed, and that the fees were reasonable and necessary. Chase requested fees in the amount of $4,000, but the trial court awarded it only $2,480. Chase's attorney provided similar testimony at the hearing on Drake's motion to reconsider. The trial court did not abuse its discretion in its award of attorneys' fees to Chase. We overrule Drake's sixth issue.

In his third issue, Drake argues that the trial court erred by not reviewing caselaw related to assessing attorneys' fees against indigents and by not ordering Chase to provide him with copies of cases that it had in its possession. Drake is apparently referring to an off-the-record exchange that occurred at the hearing on his motion to reconsider. Drake failed to preserve this issue for appeal because there is no record of the purported exchange. *See* Tex. R. App.

7

P. 33.1(a) (requiring timely, specific objection and ruling *on record* to preserve error). We overrule Drake's third issue.[3]

### C. Contempt Threat

In his fourth issue, Drake complains that the trial court obstructed justice and improperly threatened him with incarceration when he was cross-examining an attorney for a party who is not involved in this appeal. When the attorney told Drake that he did not understand one of the questions, Drake said, "Well, do you understand English? I said: What other tools did you use in the legal sense in order to do your research?" The trial court warned Drake, "And I'm going to have to interrupt at this point. You're going to put me in a position where I have to hold you in contempt and jail you if you're going to be a smart aleck . . . ." The trial court may exercise reasonable control over the interrogation of a witness and the presentment of evidence, *see* Tex. R. Evid. 611, and it has broad discretion to maintain control in the courtroom and to prevent what it considers to be a waste of time. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). To the extent that Drake preserved this issue for appellate review, the trial court properly

---

[3]Drake served Chase's counsel with a subpoena to appear at the hearing on his motion to reconsider. The trial court, however, granted Chase's motion for protection from the subpoena. To the extent that Drake assigns any error to the trial court's ruling, the trial court did not abuse its discretion by granting Chase's motion because Drake had already had an opportunity to cross-examine the attorney about attorneys' fees at the original hearing on the motion to dismiss. *See* Tex. R. Civ. P. 192.6(b) (permitting court to grant motion for protection to prevent harassment).

8

exercised those powers under these circumstances. We overrule Drake's fourth issue.

### D. Subject-Matter Jurisdiction

Drake argues in his eighth issue that the trial court lacked subject-matter jurisdiction over this cause. "A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest." Tex. Gov't Code Ann. § 24.007(b) (West Supp. 2014). Besides confirming in his pleadings that the trial court had subject-matter jurisdiction, Drake averred in his second amended motion to reconsider that his civil claims had a value of "$101,000.00 to $250,000.00." We overrule Drake's eighth issue and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  November 20, 2014