

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00116-CV

Norris J. **DEVOLL**,
Appellant

v.

Rebecca **DEMONBREUN** and William Dowds,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-01296
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  December 31, 2014

AFFIRMED

Norris J. DeVoll appeals the trial court's order granting Rebecca Demonbreun's and Williams Dowds's "Motion to Dismiss Plea in Intervention" pursuant to Rule 91a of the Texas Rules of Civil Procedure.  We affirm the judgment of the trial court.

### BACKGROUND

In February 2010, Rebecca Demonbreun and William Dowds (hereinafter, collectively referred to as Demonbreun) were awarded judgment in the amount of $96,540.12 against DeVoll. *See DeVoll v. Demonbreun*, No. 04-10-00375-CV, 2012 WL 983107 (Tex. App.—San Antonio

March 21, 2012, pet. denied) (mem. op.). Demonbreun later discovered that DeVoll owned non-exempt property subject to execution, including his community property interest in the 206 Camedia Partnership. The 206 Camedia Partnership was held in Paulette DeVoll's name; Paulette is DeVoll's wife. Demonbreun filed an Application for Turnover Relief, seeking to have DeVoll turn over his community property interest in the 206 Camedia Partnership. In August 2011, the trial court signed a turnover order that included Norris's undivided one-half interest in the income and receipts from the 206 Camedia Partnership. The turnover order also ordered DeVoll and Paulette not to transfer or dispose of any of Norris's community property described in the order. DeVoll and Paulette appealed the turnover order, and this court affirmed it. *See DeVoll v. Demonbreun*, No. 04-11-00775-CV, 2012 WL 5873698, at *4 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (mem. op.).

Thereafter, Demonbreun sued Paulette, Gene DeVoll, and the 206 Camedia Partnership seeking damages related to the fraudulent transfer of the 206 Camedia Partnership by Paulette to Gene DeVoll to avoid the effect of the turnover order; Demonbreun also sought a temporary restraining order and temporary and permanent injunction against Gene DeVoll to prevent further disposition of the property and/or partnership interest. DeVoll, in turn, filed a petition in intervention, asserting the following claims against Demonbreun: (1) unreasonable collection efforts and violation of the Texas Debt Collection Act; (2) fraud/filing of fraudulent court record or claim against a property interest; (3) violation of the Deceptive Trade Practices Act; (4) mental anguish; (5) loss of consortium; (6) damages/exemplary damages; and (7) injunctive relief. In response, Demonbreun filed a motion to dismiss the plea in intervention under Rule 91a, alleging that DeVoll's intervention was baseless in law and in fact. TEX. R. CIV. P. 91a. After a hearing, the trial court granted Demonbreun's motion to dismiss DeVoll's plea in intervention.

**DISCUSSION**

DeVoll contends that the trial court erred by granting Demonbreun's Rule 91a motion and dismissing his entire plea in intervention because the rule only permits dismissal of specific "causes of action" that have no basis in law or in fact.

Rule 91a allows a party to move to dismiss a baseless cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The motion must identify each cause of action to which it is addressed and specifically state the reasons the action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The trial court must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59. TEX. R. CIV. P. 91a.6.

The determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. *Wooley v. Schaffer*, No. 14-13-00385-CV, 2014 WL 3955111, at *2-4 (Tex. App.—Houston [14th Dist.] Aug. 14, 2014, no pet.). "In conducting our review, . . . we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Id.* at *4; *see also Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 WL 6493411, at *1 (Tex. App.—Fort Worth Nov. 20, 2014, no pet. h.) (mem. op.) (applying de novo standard of review to ruling on Rule 91a motion to dismiss); *City of Dallas v. Sanchez*, No. 05-13-01651-CV, 2014 WL 5426102, at *2 n.3 (Tex. App.—Dallas Oct. 27, 2014, no pet.) (same); *Dailey v. Thorpe*, No. 01-13-00492-CV, 2014 WL 4257739, at *2 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (same).

DeVoll's petition in intervention asserted the following claims against Demonbreun: (1) unreasonable collection efforts and violation of the Texas Debt Collection Act; (2) fraud/filing of fraudulent court record or claim against a property interest; (3) violation of the Deceptive Trade Practices Act; (4) mental anguish; (5) loss of consortium; (6) damages/exemplary damages; and (7) injunctive relief. We examine each claim in turn.

DeVoll pleaded a claim against Demonbreun for common law unreasonable collection efforts and violations of the Texas Debt Collection Act (TDCA) and the Texas Deceptive Trade Practices Act (DTPA). A consumer may sue under the TDCA for threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt. *See* TEX. FIN. CODE ANN. §§ 392.301-392.404 (West 2006). A consumer is "an individual who has consumer debt." *See id*. § 392.001(1) (West 2006). "Consumer debt" means "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id*. § 392.001(2) (West 2006). A consumer may maintain a DTPA action where the use or employment by any person of a false, misleading, or deceptive act or practice that is specifically listed in section 17.46(b) and relied on by the consumer to his detriment is a producing cause of the consumer's economic damages. TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2011). A "consumer" is an individual, partnership, or corporation who seeks or acquires by purchase or lease goods or services. *Id*. § 17.45(4) (West 2011).

In her motion to dismiss, Demonbreun alleged that DeVoll's claims related to unreasonable debt collection should fail because DeVoll is not a consumer as defined by the pertinent statutes, and because the debt in question is not a consumer debt. We agree. DeVoll failed to allege facts that would show that (1) the judgment at issue is a consumer debt or (2) he is a consumer as to goods or services provided by Demonbreun. To the contrary, it is apparent that DeVoll's claims

relate to the judgment he has been ordered to pay to Demonbreun, not to a consumer debt. Thus, DeVoll's TDCA and DTPA claims have no basis in law, and the trial court did not err by granting Demonbreun's Rule 91a motion to dismiss in relation to those claims.

Next, under a subheading titled "Fraud / Filing of a Fraudulent Court Record or Claim Against a Property Interest," DeVoll alleged in his plea in intervention that Demonbreun "knowingly and intentionally generat[ed] a back-dated, forged document titled "ORDER SETTING CAUSE FOR TRIAL" "purporting to be signed by a visiting Judge setting Jury Trial on October 7, 2013 with intent that it be relied upon by Defendants while an actual non-jury trial was set much earlier for July 15, 2013."

The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). In her motion to dismiss, Demonbreun alleged that even if DeVoll's false allegation were to be believed, the fraud claim must fail because DeVoll does not allege that he relied on such document or that he suffered damages as a result of the filing of such document. We agree. Because DeVoll did not allege facts demonstrating reliance or harm, his fraud claim has no basis in law. Accordingly, the trial court did not err in granting Demonbreun's Rule 91a motion to dismiss in relation to DeVoll's fraud claim.

Finally, DeVoll's petition in intervention included claims for mental anguish, loss of consortium, damages/exemplary damages, and injunctive relief. DeVoll alleged that because of Demonbreun's fraud and her violations of the TDCA and the DTPA, he suffered mental anguish

and loss of consortium.  We have already determined, however, that DeVoll's common law and statutory unreasonable debt collection claims have no basis in law.  Accordingly, DeVoll's claims for mental anguish and loss of consortium stemming from the alleged TDCA and DTPA violations must also fail.  Similarly, because we have determined that DeVoll has not alleged any viable causes of action, his claims for damages and for injunctive relief lack a basis in both law and in fact.  Thus, the trial court did not err in granting Demonbreun's Rule 91a motion to dismiss in relation to these claims.

Because each of DeVoll's seven claims lacked a basis in law or in fact, or both, the trial court did not err in dismissing his plea in intervention in its entirety.  DeVoll's issues on appeal are thus overruled, and the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice