**Affirmed and Opinion Filed June 28, 2016.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-15-01173-CV**

## HOWARD HOLLAND, Appellant
### V.
## TARYN DAVIS, Appellee

On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 93042-422

## MEMORANDUM OPINION
Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Stoddart

Howard Holland, pro se, appeals the trial court's order granting Taryn Davis's "motion to dismiss a baseless cause of action" pursuant to rule of civil procedure 91a. Holland argues the trial court erred by granting the motion to dismiss because Davis did not file any special exceptions. We affirm.

This lawsuit arises out of Holland's previous conviction. In his criminal case, police obtained a saliva sample from Holland pursuant to a search warrant. Holland was arrested, and Davis was appointed as his counsel. She filed a motion to suppress the saliva sample. The record does not include the criminal trial court's order on the motion to suppress; Davis asserts in her motion to dismiss that the motion to suppress was denied.

At the time of his arrest, Holland was serving a term of community supervision. One of the terms of his community supervision was that he provide a DNA sample to his probation officer, which he did.

In this lawsuit, Holland alleges Davis breached her fiduciary duty to him because she "knew or should have known that someone other than the police first obtain [sic] Holland's DNA sample." Holland does not explain how Davis's knowledge that the probation officer previously obtained his DNA sample would be relevant to the motion to suppress.

Davis filed a motion to dismiss Holland's lawsuit pursuant to rule 91a arguing Holland's claim has no basis in law or fact. *See* TEX. R. CIV. P. 91a. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Except as required to determine an award of attorney's fees under 91a.7, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. We review the grant of a rule 91a motion to dismiss de novo. *Highland Capital Mgmt., LP v. Looper Reed & McGraw, P.C.*, No. 05-15-00055-CV, 2016 WL 164528, at *2 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (citing *City of Dallas v. Sanchez*, 449 S.W.3d 645, 649–50 & n. 3 (Tex. App.—Dallas 2014, pet. filed).

Although Holland argues that Davis's rule 91a motion to dismiss must fail because she did not specially except to his petition, he does not cite any authority requiring a defendant to file special exceptions before seeking a rule 91a dismissal. We also have not found any.

In support of her motion, Davis argues Holland's claims fail because he pleaded guilty and has not alleged he has been exonerated. Rather, his petition states he is incarcerated. Therefore, she asserts, Holland's breach of fiduciary duty claim fails as a matter of law. *See*

*Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) (plurality op.). In *Peeler*, the Texas Supreme Court held that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause-in-fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Id.* at 498; *see also Shepherd v. Mitchell*, No. 05-14-01235-CV, 2016 WL 2753914, at *1 (Tex. App.—Dallas May 10, 2016, no. pet. h.). The sole legal cause of the conviction and any damages is the person's own illegal conduct, unless his conviction has been overturned and he has been exonerated. *Peeler*, 909 S.W.2d at 498. The person convicted is barred from bringing legal malpractice claims related to that conviction. *See id.*

The *Peeler* doctrine has been applied to claims for breach of fiduciary duty. *See Wooley v. Schaffer*, 447 S.W.3d 71, 77 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Futch v. Baker Botts, LLP*, 435 S.W.3d 383, 391–92 (Tex. App..—Houston [14th Dist.] 2014, no. pet.) (collecting cases). Further, Texas courts do not permit plaintiffs to convert what are really professional negligence claims into breach of fiduciary duty claims. *See Won Pack v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied).

Holland's breach of fiduciary duty claim alleges Davis was negligent in her representation of him by failing to handle the motion to suppress correctly. Holland's claim against Davis is a properly treated as a professional negligence claim. Whether we treat his cause of action as a claim for breach of fiduciary duty or as a professional negligence claim, we conclude his claim fails as a matter of law because Holland's conviction has not been overturned. *See Peeler*, 909 S.W.2d at 498. Because we conclude Holland's cause of action for breach of fiduciary duty has no basis in law or fact under the *Peeler* doctrine, we conclude the trial court did not err by granting Davis's rule 91a motion to dismiss. We overrule Holland's arguments on appeal.

We affirm the trial court's order granting Davis's motion to dismiss.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

151173F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HOWARD HOLLAND, Appellant

No. 05-15-01173-CV          V.

TARYN DAVIS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 93042-422.
Opinion delivered by Justice Stoddart.
Justices Myers and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TARYN DAVIS recover her costs of this appeal from appellant HOWARD HOLLAND.

Judgment entered this 28th day of June, 2016.