**DALLAS COUNTY, Petitioner,**

v.

**Kim POSEY, et al., Respondent.**

No. 08–0094.

Supreme Court of Texas.

May 22, 2009.

Rehearing Denied Aug. 21, 2009.

Craig M. Watkins, Dallas County District Attorney, Jana Prigmore Ferguson, Assistant District Attorney, Dallas, TX, for Petitioner.

Thomas Albert Carse, Sidney Bennett Chesnin, The Carse Law Firm, Lorin M. Subar, Sumner Schick & Pace, Dallas, TX, for Respondent.

Timothy A. Whitley, Houston TX, for person interested in case.

PER CURIAM.

In this governmental immunity case, we decide whether a prisoner's use of

a telephone cord to commit suicide in a county holding cell constitutes a "condition or use" of tangible personal property for which the Tort Claims Act waives governmental immunity. *See* TEX. CIV. PRAC. & REM.CODE § 101.021(2). We hold that immunity was not waived; accordingly, we vacate the court of appeals' judgment and dismiss the case.

Bryan Posey was arrested for assaulting his mother. During the intake procedure, he denied ever having attempted suicide or having suicidal thoughts or tendencies. The standard intake procedure included completion of a Mental Disability/Suicide Screening Form, but the intake officer left blank a question that inquired whether the officer believed Posey to be a medical, mental health, or suicide risk. Posey was then seen by a nurse for a cut on his hand, and the nurse referred him to a psychiatrist for an anger management evaluation. Posey was placed in a holding cell with a cordless telephone. He made repeated, harassing calls to his mother, who requested that he be stopped from calling her. The officers moved Posey to a holding cell with an inoperative telephone. This telephone, however, had a cord. Shortly thereafter, the officers discovered Posey had committed suicide by hanging himself with the telephone cord.

Posey's parents sued the county, claiming it was negligent in failing to assess Posey's suicide risk and in placing him in a cell with a defective corded telephone. They presented evidence to the trial court that the county had ordered the replacement of all corded telephones with cordless telephones, indicating the county's awareness that telephone cords posed a significant suicide risk. The county filed a plea to the jurisdiction, claiming that its immunity was not waived. *See id.* The trial court denied the county's plea to jurisdiction, and the court of appeals affirmed. 239 S.W.3d 336 (Tex.App.-Dallas 2007).

■ A governmental unit waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE § 101.021(2). Immunity is not waived when the governmental unit merely "allow[s] someone else to use the property and nothing more." *San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244, 246 (Tex. 2004). In *Cowan,* we held that the government did not waive immunity by providing suspenders and a walker to a patient who later used them to hang himself because it was the patient—not the government—who used the property. *Id.* In terms of the county's use of the property, this case is factually indistinguishable from *Cowan.* Here, the county did no more than place Posey in a cell with a corded telephone, which he used to commit suicide. Therefore, we agree with the court of appeals that "the incident in this case did not arise from the [c]ounty's *use* of property." 239 S.W.3d at 342 (emphasis in original).

■ Posey's parents also argue that the county's failure to replace the telephone in the holding cell with a cordless telephone equates to negligent use because the county was aware of previous suicides using telephone cords. But failing to replace corded telephones with cordless ones is, at best, a misuse or a non-use, neither of which waives immunity under the Act. *See, e.g., Cowan,* 128 S.W.3d at 245–46 (rejecting contention that hospital misused a walker and suspenders by allowing patient to have them); *Kerrville State Hosp. v.*

*Clark,* 923 S.W.2d 582, 584 (Tex.1996) (holding that hospital's "failure to administer an injectionable drug [instead of an oral drug] is non-use of tangible personal property and therefore does not fall under the waiver provisions of the Act").

■ Posey's parents further argue that the condition of the telephone proximately caused Posey's death—an issue we did not address in *Cowan.* To find proximate cause, there must be a nexus between the condition of the property and the injury. *See Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 342–43 (Tex.1998). This nexus requires more than mere involvement of property; rather, the condition must actually have caused the injury. *Id.* at 343. Posey's parents claim that the condition of the corded telephone was defective because, not only was it inoperable, but wires were exposed on the handset. The incident memorandum prepared after the suicide stated that Posey "placed the receiver between the exposed [ ] wires of the telephone cord" in order to create the ligature he used to commit suicide. The court of appeals found proximate cause, reasoning that "without the corded telephone being in the cell, Bryan Posey would not have died by hanging himself with the telephone's cord." 239 S.W.3d at 342 (citing *Sw. Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 274 (Tex.2002)). However, there was no causal nexus between the condition of the exposed wires and the injury. For a defective condition to be the basis for complaint, the defect must pose a hazard in the intended and ordinary use of the property. For example, the exposed wires in this case might have posed an electrical hazard to an ordinary user of the telephone. But the exposed wires here did not cause the injury; they instead constituted no more than a condition of the property that was then used by Posey to form a ligature for suicide. The requisite nexus between the condition complained of and the harm was thus not established. Therefore, the county's immunity is not waived under the Act.

■ Finally, Posey's parents argue that the county failed to properly assess Posey as a suicide risk, pointing to Posey's incomplete suicide prevention screening form as evidence that the county's immunity is waived under the Act. However, the quality of Posey's assessment has no bearing on the county's immunity. In *Cowan,* we held that immunity was not waived even though the patient was committed for having suicidal tendencies. 128 S.W.3d at 247. So even if Posey had apparent suicidal tendencies, the county would still be immune under *Cowan* because it did no more than place Posey in a cell with a corded telephone which he, himself, used to commit suicide.

Bryan Posey's suicide was tragic, but the circumstances under which governmental immunity is waived under the Act are very narrow and are not present here. Accordingly, we grant the county's petition for review and, without hearing oral argument, vacate the court of appeals' judgment and dismiss the case.[1]

■

---

1. While the court of appeals held that the   county received proper notice as required by

section 101.101(a) of the Civil Practices and Remedies Code, we need not decide this issue because we hold that the county's immunity is not waived.