**Affirm and Remanded and Opinion Filed December 30, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00611-CV

## BENJAMIN DAVID PENA, Appellant
## V.
## CITY OF GARLAND, Appellee

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-19-02090-A**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

Benjamin David Pena appeals the trial court's order granting the City of

Garland's plea to the jurisdiction. Pena argues the trial court erred by granting the

City's plea to the jurisdiction because he pleaded valid causes of action for which

the City is not immune from suit. We affirm the trial court's June 24, 2021 order

granting the City's plea to the jurisdiction, and we remand this case to the trial court

to afford Pena an opportunity to amend his pleading.

## A. The Record

We begin with the state of the record. The City filed its plea to the jurisdiction and Pena responded. The City then filed a brief in support of its plea with deposition testimony attached. The trial court held a hearing on the plea, and having considered "the plea and all responses and the arguments of counsel," granted the plea. On appeal, Pena asserts we cannot consider the deposition testimony attached to the City's brief because the City failed to introduce the deposition transcript into evidence at the hearing.[1] We disagree.

An appellant has the burden to bring forth a sufficient record to show error by the trial court. *See Taylor v. Wells Fargo Bank*, No. 05-16-00115-CV, 2017 WL 1282896, at *2 (Tex. App.—Dallas Apr. 6, 2017, no pet.) (mem. op.). Pena only requested a partial clerk's record, and the clerk's record includes all of the requested documents. Additionally, although the trial court's order demonstrates the court held a hearing on the City's plea (Pena's brief also states a hearing was held), Pena did not file a reporter's record. The court reporter filed a letter with this Court stating Pena did not request a reporter's record and did not make financial arrangements for one. We presume the missing reporter's record supports the trial court's decision in this case. *See id.*; *see also Lohmann v. Sanchez*, No. 01-19-00984-CV, 2021 WL 3043415, at *6 (Tex. App.—Houston [1st Dist.] July 20, 2021, pet. denied) (mem.

---

[1] We need not consider whether the City was required to introduce the deposition transcript into evidence at the hearing in order for the trial court to consider it.

–2–

op.). Accordingly, we will consider the deposition excerpts attached to the City's brief.

### B. Factual Background[2]

Pena was employed by American Management Staffing, LLC (AMS), a staffing agency. AMS assigned Pena to work at the Charles Hinton Landfill, which was owned, operated, and controlled by the City.

While Pena was working, a truck driver, Anibar Jaramillo Rodriguez, brought a load of bricks to dump at the landfill. However, Rodriguez was not properly licensed to drive the dump truck, the dump truck was overweight, and the truck's back-up lights and audible backup warning device were not operable. A City employee signaled to Rodriguez, instructing Rodriguez to back up his truck. When Rodriguez backed up to dump the bricks, his truck hit Pena who was crushed under the left rear wheels. Pena sustained significant injuries.

Rodriguez testified in his deposition that Pena was the first person he encountered at the dump. Subsequently, Rodriguez honked at a second person who worked at the landfill to ask where the employee wanted Rodriguez to go. The employee "just guided - - he told me to go - - there was a big - - big brick pile, which I already knew I had to go there, but I just wanted to make sure. He just waved me

---

[2] Except where the deposition testimony is discussed below, the facts presented are taken from Pena's third amended petition.

that way." Rodriguez did not speak to the employee; the employee only waived his hand. Rodriguez used his mirrors to back up. He did not see Pena until he hit Pena.

Pena sued the City for "injury by premises defect," negligence, "injury by motor vehicle," and respondeat superior.

## C. Plea to the Jurisdiction

Cities, as political subdivisions of the State, are protected from suit by governmental immunity unless that immunity has been waived by the constitution or by state law. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). Governmental immunity implicates a court's subject matter jurisdiction and may be properly asserted by a plea to the jurisdiction. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). The pleader must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* Where a governmental entity challenges jurisdiction on the basis of immunity, "the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If

–4–

the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. This standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). *Id.* at 228.

Subject matter jurisdiction is a question of law that we review de novo. *Annab,* 547 S.W. 3d at 612. We construe the pleadings in favor of the plaintiffs and look to the pleaders' intent. *Id.* at 612-13. However, the Texas Supreme Court has repeatedly stated that "any purported statutory waiver of sovereign immunity should be strictly construed in favor of retention of immunity." *PHI, Inc. v. Tex. Juvenile Justice Dep't,* 593 S.W.3d 296, 303 (Tex. 2019) (quoting *Prairie View A & M Univ. v. Chatha,* 381 S.W.3d 500, 513 (Tex. 2012)).

The Texas Tort Claims Act (TTCA) waives immunity for:

(1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
      (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
      (B) the employee would be personally liable to the claimant according to Texas law; and
(2)     personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. The TTCA further provides that, with exception, if a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." *Id.* § 101.022(a).

Pena argues the TTCA waived the City's immunity in this case because: (1) he alleges a premises defect claim; (2) he alleges a personal injury proximately caused by the negligence of a City employee and his injury arose from a condition or use of tangible personal property; and (3) he asserts a claim for injury by a motor vehicle.

### 1. *Premises Defect Claim*

Pena casts his first cause of action as a premises defect claim.[3] Pena alleges he was injured because the landfill is unreasonably dangerous because of the high volume of traffic, the City's "lack of control of the direction of the traffic," and the City's failure to ensure vehicles entering and leaving the premises have adequate safety devices to warn persons such as himself.

When a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty the private person owes to a licensee on private property. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). That duty consists of not

---

[3] The City asserts Pena's first cause of action is merely an artfully pleaded negligence claim. We need not reach the City's argument because, even if we assume Pena's first cause of action properly presents a premises defect claim, we conclude Pena failed to plead a waiver of immunity under the TTCA.

injuring the licensee through willful, wanton, or grossly negligent conduct,[4] and to either warn the licensee or make reasonably safe an unreasonably dangerous condition of which the owner has actual knowledge and the licensee does not. *See Dallas County Hosp. Dist. v. Bravo*, 05-20-00640-CV, 2021 WL 822916, at \*3 (Tex. App.—Dallas Mar. 4, 2021, no pet.) (mem. op.) (citing *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.)). The licensee must show that the landowner actually knew of the dangerous condition at the time of the accident, and not merely that a dangerous condition could develop over time. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 392 (Tex. 2016). "Hypothetical knowledge will not suffice." *Id*. "Additionally, that the owner could have done more to warn the licensee is not direct evidence to show that the owner had actual knowledge of the dangerous condition." *Id*. "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Id*. (citation omitted). Actual knowledge of a dangerous condition can sometimes be proven through circumstantial evidence that either directly or by reasonable inference supports the conclusion. *Bravo*, 2021 WL 822916, at \*3 (citing *Seppy*, 301 S.W.3d at 444); *see also City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008) (per curiam).

---

[4] Pena does not allege the City injured him through willful, wanton, or grossly negligent conduct.

No direct evidence was presented showing whether the City had actual knowledge of the allegedly dangerous conditions before the accident. Instead, Pena's pleading repeatedly states the City had actual knowledge. He suggests, although does not directly allege, the City's knowledge is demonstrated by the City's decision to delegate an employee to direct traffic and to require employees to inspect vehicles entering the premises to determine whether those vehicles were equipped with proper warning devices. Pena's bare allegations that the City had actual knowledge of the allegedly dangerous condition are insufficient to show actual knowledge. *See State v. Lueck*, 290 S.W.3d 876, 884-885 (Tex. 2009) (recognizing that a plaintiff's pleadings must do more than make bare allegations to survive a plea to the jurisdiction); *see also City of Dallas v. Ruffin*, No. 05-20-00646-CV, 2021 WL 3196963, at *7 (Tex. App.—Dallas July 28, 2021, no pet.) (citing *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007); *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 444 (Tex. App.—El Paso 2020, no pet.) ("conclusory allegations in a pleading are insufficient to meet a plaintiff's burden of establishing jurisdiction; instead, a plaintiff must allege specific facts that, if true, would affirmatively demonstrate the court's jurisdiction to hear the case.")). Likewise, the City's decision to delegate employees to direct traffic at the dump and inspect vehicles entering the premises does not directly or by reasonable inference support the conclusion that the City had actual knowledge the landfill was dangerous at the time of the accident. Construing Pena's pleading liberally in his favor, we conclude his

–8–

premises defect cause of action does not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *See Ryder Integrated Logistics*, 453 S.W.3d at 927.

### 2. *Negligence*

In his second cause of action, Pena alleged the City acted negligently by:

a. Failing to maintain a safe environment;
b. Maintaining an unsafe environment that was unsafe to human life;
c. Failing to correct a known hazardous condition that had the potential to seriously injure guests;
d. Allowing a known dangerous condition to exist and threaten the safety, rights, and welfare of all persons;
e. Failing to provide adequate safeguards to protect all persons;
f. Failing to promulgate, implement, enforce, and/or ensure compliance with adequate safety procedures, policies, and practices;
g. Failing to adequately warn [Pena] of a dangerous condition on the premises;
h. Failing to adopt and enforce warnings against hazards for all persons on the premises;
i. Failing to take all reasonable precautions for the safety of all persons on the premises;
j. Failing to correct a known hazardous condition that had the potential to seriously injure person and/or employees and/or visitors;
k. Allowing a known dangerous condition to exist and threaten the safety, rights, and welfare of all persons staying in the hotel [sic] in question;
l. Allowing unsafe vehicles to enter the premises; and
m. Negligently warning of unsafe conditions.

Pena argues these allegations establish waiver of governmental immunity because his injury was proximately caused by the City's employee's "use of and/or condition of tangible, personal property." Pena's negligence cause of action does not allege his injury was caused by a condition or use of real property.

Immunity is waived for claims based on a "condition" of tangible personal property if the condition proximately causes personal injury or death. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *Dallas Cnty. v. Posey*, 290 S.W.3d 869, 872 (Tex.2009); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998)). A condition does not proximately cause an injury or death if it does no more than furnish the means to make injury or death possible; that is, immunity is waived only if the condition (1) poses a hazard in the intended and ordinary use of the property and (2) actually causes an injury or death. *Id.* at 97-98 (citing *Posey*, 290 S.W.3d at 871, 873; *Bossley*, 968 S.W.2d at 343). "To find proximate cause, there must be a nexus between the condition of the property and the injury. This nexus requires more than mere involvement of property; rather, the condition must actually have caused the injury." *Posey*, 290 S.W.3d at 872 (internal citation omitted)

Pena's negligence claim fails to identify any tangible personal property. It also fails to allege a causal nexus between his injury and a condition or use of tangible personal property. Construing Pena's pleading liberally in his favor, we conclude his negligence cause of action does not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *See Ryder Integrated Logistics*, 453 S.W.3d at 927.

### 3. *Operation or Use of a Motor-Driven Vehicle*

In his third cause of action, Pena alleges the City improperly operated or used a motor vehicle because the City's employee was controlling ingress to and egress from the dump site, and that employee directed Rodriguez to back up his dump truck to the place where Pena was working. Thus, Pena argues, the City employee "controlled Rodriguez's vehicle to back into and crush" him.

The TTCA waives immunity for personal injury caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if the personal injury "arises from the operation or use of a motor-driven vehicle" and the employee would be personally liable to the claimant. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1). We strictly construe section 101.021's vehicle-use requirement to reflect the Legislature has a preference for a limited immunity waiver. *See PHI, Inc.*, 593 S.W.3d at 303.

Considering section 101.021's "use" or "operation" language, the supreme court has stated these are "common, everyday words," and courts should strive to give them "a simple construction, rather than converting them into terms of art intelligible only to experts in the case law applying the Tort Claims Act." *Id.* The supreme court has defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose" and defined "operation" as referring to "a doing or performing of a practical work." *Id.* These definitions are not particularly enlightening here.

–11–

A governmental employee does not have to be driving a motor-driven vehicle to meet the operation or use requirement. *See, e.g., id*. at 304; *Ryder Integrated Logistics*, 453 S.W.3d at 926-28. However, a governmental employee directing traffic generally is not sufficient to meet the use or operation requirement. *See generally City of Sugar Land v. Gaytan*, No. 01-18-01083-CV, 2020 WL 2026374 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.).

We find the analysis in *City of Sugar Land v. Gaytan* persuasive. In *Gaytan*, the plaintiff was riding his bike while participating in a triathlon. Two law enforcement officers employed by the City were directing traffic related to the triathlon. Before Gaytan reached an intersection on the triathlon course, at least one of the officers signaled to a private driver to proceed through the intersection and make a left-hand turn. However, after entering the intersection, the driver paused momentarily in the lane in which Gaytan was biking; Gaytan hit the driver's car and was injured. *Gaytan*, 2020 WL 2026374, at *1.

The First District Court of Appeals considered whether Gaytan alleged he sustained injuries arising from the operation or use of a motor-driven vehicle by a City employee, the law enforcement officers, sufficient to waive the City's immunity. *See id.* at *3-4. The *Gaytan* court examined cases presenting similar issues from other courts. *Id.* at *5 (discussing *Townsend v. City of Alvin*, No. 14-05-00915-CV, 2006 WL 2345922, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2006, no pet.) (mem. op.); *Heyer v. North East Independent School District*, 730

–12–

S.W.2d 130, 131–32 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.); *Jackson v. City of Corpus Christi*, 484 S.W.2d 806, 808–10 (Tex. App.—Corpus Christi–Edinburg 1972, writ ref'd n.r.e.)). Each of those courts concluded that government employees directing traffic were not using or operating the motor-driven vehicles driven by private citizens as those terms are used in the TTCA. *See id.* (discussing *Townsend*, 2006 WL 2345922, at *1–2; *Heyer*, 730 S.W.2d at 131–32; *Jackson*, 484 S.W.2d at 808–10). The *Gaytan* court reached the same conclusion and stated Gaytan failed to allege facts demonstrating the City's law enforcement officers' conduct in directing or controlling traffic during the triathlon constituted operation or use of a motor-driven vehicle as required for waiver of immunity under the TTCA. *Id.* at *5-6.

Pena does not allege that any City employee drove the truck that hit him or any governmental vehicle was involved in the ultimate collision in which was injured. *See id.* at *4. Rather, Pena alleges he was hit by a truck driven by Rodriguez who maintained complete control over his own vehicle. The evidence shows a City employee waived his hand toward Rodriguez, and Rodriguez interpreted that act as a signal to back up his truck to an area where he already knew he needed to go. Following the precedent of *Gaytan*, we conclude Pena has not alleged facts demonstrating the City employee's conduct in waiving his hand to Rodriguez constitutes the "operation" or "use" of a motor-driven vehicle as required for waiver of immunity under the TTCA. *See id.* at *6 ("Gaytan has not alleged facts that

–13–

demonstrate that the City's law enforcement officers' direction or control of traffic constituted "operation" or "use" of a motor-driven vehicle.). Construing Pena's pleading liberally in his favor, we conclude his third cause of action does not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *See Ryder Integrated Logistics*, 453 S.W.3d at 927.

### D. Opportunity to Replead

When the party who raised the jurisdictional defense shows that the pleadings or record conclusively negate the existence of jurisdiction, or that the plaintiff had a "full and fair opportunity in the trial court to develop the record and amend the pleadings," or that even with a remand "the plaintiff would be unable to show the existence of jurisdiction," then the case should be dismissed without a remand. *Annab*, 547 S.W.3d at 616. The pleadings in this case do not affirmatively negate the existence of jurisdiction by revealing an incurable defect. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007); *Miranda*, 133 S.W.3d at 227. Further, the record does not show that Pena had a full and fair opportunity in the trial court to develop the record and amend his pleadings, and the City has not demonstrated that, even with a remand, Pena would be unable to show the existence of jurisdiction. Accordingly, we conclude Pena should be offered an opportunity to amend his pleadings.

**E. Conclusion**

Pena's allegations in his third amended petition failed to trigger the TTCA's waiver of the City's immunity. We affirm the trial court's June 24, 2021 order granting the City's plea to the jurisdiction. However, although we overrule Pena's sole issue, we must remand this case to the trial court to afford Pena an opportunity to amend his pleading.

210611f.p05

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BENJAMIN DAVID PENA,
Appellant

No. 05-21-00611-CV     V.

CITY OF GARLAND, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-19-02090-A.
Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's June 24, 2021 order granting the City of Garland's plea to the jurisdiction. This cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 30th day of December, 2021.