**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00464-CV

———————————

**VALERIE HALL, INDIVIDUALLY AND A/N/F OF J.K. A MINOR AND CHRISTOPHER HALL, Appellants**

**V.**

**CITY OF JERSEY VILLAGE, Appellee[1]**

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2022-19671

## MEMORANDUM OPINION

---

[1] The underlying case is *Valerie Hall, Individually and as next friend of J.K., a minor, and Christopher Hall v. Backyard Investments, Ltd d/b/a The Backyard Grill, Terry R. Thomas, and City of Jersey Village*, No. 2022-19671, in the 80th District Court of Harris County, Texas. In this interlocutory appeal, the only appellee is the City of Jersey Village.

Appellant Valerie Hall was injured when she was struck by a golf ball while working at a restaurant on the premises of a golf course. Hall and her husband sued the restaurant, Terry R. Thomas (the golfer who hit the ball), and the City of Jersey Village ("the City"), which owns the golf course. In a prior interlocutory appeal in this case, we reversed the trial court's grant of the City's plea to the jurisdiction, holding that the trial court erred by granting the plea without allowing the appellants an opportunity to replead or allowing jurisdictional discovery. *Hall v. City of Jersey Vill.*, No. 01-22-00452-CV, 2023 WL 3873351, at *1 (Tex. App.— Houston [1st Dist.] June 8, 2023, no pet.). On remand, the appellants amended their pleading, and the parties conducted discovery. The City filed a combined plea to the jurisdiction and no evidence motion for summary judgment, arguing that the appellants' claims against the City should be dismissed because the City retained its immunity for multiple reasons. Appellants responded without evidence, and the trial court granted the City's motion "on all grounds raised."

We conclude that the trial court correctly dismissed the claims based on the use of tangible personal property and motor-driven equipment for two reasons: (1) the appellants failed to produce evidence in response to the City's no-evidence motion for summary judgment; and (2) the City's jurisdictional evidence conclusively negated a waiver of governmental immunity. We conclude that the trial court correctly dismissed the claim based on premises liability because the

appellants failed to plead facts that would establish a waiver of governmental immunity. Finally, we conclude that the trial court correctly dismissed the loss of consortium claims because they are derivative of the claims for which the trial court lacked subject matter jurisdiction due to the City's governmental immunity.

We affirm the trial court's judgment.

## Background

Valerie Hall worked as a manager of The Backyard Grill, a snack bar and restaurant on the premises of the Jersey Meadows Golf Course, which is owned by the City of Jersey Village. After this Court's opinion in the prior interlocutory appeal issued, the appellants amended their petition. In the amended petition, they alleged that while Hall was "stocking and/or operating the rolling beverage cart . . . an errant golf ball hit by . . . Terry R. Thomas . . . struck her directly in her forehead." They further alleged that Thomas

> was either acting within the course and scope of his employment with Jersey Meadows Golf Course . . . involv[ing] his operation and use of a motorized golf cart and use of tangible personal property in the form of golf clubs and other golfing equipment on the premises of the Jersey Meadows Golf Course immediately striking [Hall] or, alternatively, was acting on his own at the time of the injury."

The appellants sued Backyard Investments, Ltd d/b/a The Backyard Grill, Thomas, and the City for negligence. Hall pleaded that the trial court had jurisdiction under the Texas Tort Claims Act because it

3

waives a defendant's governmental immunity for claims involving personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Tex. Civ. Prac. & Rem. Code § 101.021(2). This claim, as set out more fully below, involves personal injury caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

The appellants further alleged that no exception to the waiver of immunity applied and that they were not required to give the City written notice of their claim because the City had actual notice through its golf course employees and the significant events report that was created shortly after the incident.

The appellants made the following specific factual allegations as to the City:

Defendant, City of Jersey Village, owed a duty to Plaintiff, Valerie Hall, as an invitee. Ms. Hall, as manager of the Defendant, The Backyard Grill, was acting as its agent at the time of the incident at issue. The Backyard Grill regularly provided a portion of its proceeds to Defendant, City of Jersey Village, for allowing it to locate its business on the premises of the Jersey Meadows Golf Course. Defendant, City of Jersey Village was negligent for the following acts and/or omissions including but not limited to:

    a.    In failing to exercise caution in the use of a motorized vehicle and personal property, including golf clubs and other golfing equipment;

    b.    In failing to provide warning to persons endangered by Defendants' actions, including Valerie Hall; and

    c.    Negligence in general.

4

Finally, the appellants alleged that the City was "vicariously liable for all negligence" of Thomas, under theories of agency and respondeat superior. The appellants alleged that Thomas was employed by the City and "acting within the course of scope of such agency or employment" at the time of the incident when he "operated a motor driven golf cart and misused golf clubs."

Hall sought compensatory damages for past and future medical expenses, loss of earning capacity, pain, impairment, and disfigurement. Her husband and son sought loss of consortium damages and damages for lost household services.

In the prior interlocutory appeal, we reversed the trial court's grant of the City's plea to the jurisdiction to allow the plaintiffs an opportunity to amend and to take jurisdictional discovery. On remand, and after discovery, the City filed an amended answer and a combined second plea to the jurisdiction and no-evidence motion for summary judgment. In its amended answer, the City pleaded a general denial, governmental immunity, contributory negligence, comparative fault, failure to provide timely written notice to the City as required by the Texas Tort Claims Act ("TTCA") and the City's charter, and that the City did not, alternatively, receive timely actual notice as allowed by the TTCA.

The City's combined plea to the jurisdiction and no-evidence motion for summary judgment included multiple grounds for dismissal, including that

- the appellants failed to plead facts to support a premises liability claim,

5

- there was no evidence that Thomas was acting within the course and scope of his employment at the time of the incident, or, alternatively,

- the evidence conclusively proves that he was not acting in the course and scope of his employment at the time of the incident, and

- the derivative claims brought by Hall's husband and son are barred because Hall's claims are barred.

Among the City's jurisdictional evidence was a declaration from Matt Jones, the Head of Golf Operations for the City of Jersey Village. He described Thomas's employment and role with the City:

> Mr. Terry Thomas . . . was a part-time, hourly employee of the City's who served in the position as a Golf Cart Attendant. A Golf Cart Attendant was a non-exempt position, so it was not expected that he would work for the City's benefit any time that he was off-the-clock. He was not permitted to work for the City at all during his off hours. Generally, a Cart Attendant assists in the maintenance of the City's fleet of golf carts–parking carts in designated parking areas; repair, cleaning, and minor maintenance on carts; charging batteries in carts; towing carts to and from storage facilities; cleaning the parking area and the restroom facilities; and assisting the General Manager and Assistant Golf Professionals prepare for tournaments. Mr. Thomas's job duties did not include playing golf. His duties never included hitting a golf ball or teaching golf to patrons of the Golf Course. Whether he played golf on his own time did not affect his evaluations or enhance his prospects for more pay, or prestige or the like.
>
> . . . .
>
> I understood that Mr. Thomas had been off work on the day of the accident, and there were no facts known to me to suggest he was on duty. . . . Mr. Thomas described the accident as a simple errant golf shot.

6

Payroll records attached to the declaration showed that Thomas did not work on May 1, 2020, when Hall was struck with a golf ball.

Thomas testified by deposition that he was not a golf pro,[2] and at the time of the accident, he was playing golf recreationally.[3] Thomas testified that his job duties as a cart attendant did not include playing golf.

The appellants responded with 13 pages of legal argument but no evidence. Throughout their response, they argued that the City had the burden to demonstrate that the Court lacks jurisdiction and that "immunity is not waived." Rather than providing evidence to show that Thomas was in the course and scope of his employment with the City, they argued that the City's evidence showed "a connection" between his "job duties and the alleged tortious conduct" because he was used a golf cart on the day Hall was injured.

The trial granted the plea to the jurisdiction and no evidence motion for summary judgment "on all grounds raised," and it dismissed with prejudice all claims against the City of Jersey Village. This appeal followed.

---

[2] Thomas, who was 80 years old at the time of the accident, testified that he was paid $8.50 per hour at his part-time job, which also afforded him "golf privileges," allowing him to play a round of golf any day he was not working.

[3] He also testified that, within seconds of realizing his golf shot had veered off course, he attempted to warn people by yelling "fore."

**Analysis**

The appellants challenge the court's ruling in eight issues. The first two issues concern the appellants' claim relating to Thomas's use of a motor-driven vehicle and tangible personal property. As to these claims, whether the City's governmental immunity has been waived rests on whether it is liable for Thomas's actions. The third issue asserts that the City had actual notice of their claims. Issues four, five, and six relate to the appellants' assertion of a premises liability claim. The seventh issue asserts the need for additional time to conduct jurisdictional discovery. The eighth issue addresses the loss of consortium claims raised by Hall's husband and child.

## I. Challenging Jurisdiction by Asserting Governmental Immunity

### A. Plea to the Jurisdiction

A party may challenge a trial court's subject matter jurisdiction by filing a plea to the jurisdiction, which we review de novo. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). Ordinarily a plea to the jurisdiction challenges the plaintiff's pleadings, asserting that the alleged facts do not affirmatively demonstrate the court's jurisdiction. *See Mission Consol. Indep. Sch. Dist. v. Garcia ("Mission Consol. II")*, 372 S.W.3d 629, 635 (Tex. 2012). "When a plea to the jurisdiction challenges the pleadings, we determine if

the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. In doing so, we "construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. But if the pleadings "affirmatively negate the existence of jurisdiction," then the court may grant the plea to the jurisdiction without giving the plaintiffs an opportunity to amend. *Id.* at 227.

A plea to the jurisdiction may also challenge the existence of jurisdictional facts or implicate the merits of the plaintiff's cause of action. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770–71 (Tex. 2018). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must "consider relevant evidence submitted by the parties" as necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. In this situation, the trial court has discretion to make the jurisdictional determination at a preliminary hearing or to wait until a fuller development of the case, "mindful that that this determination must be made as soon as practicable." *Id.* In some cases, "[s]ome tailored or limited discovery may be appropriate when an evidence-based

jurisdiction challenge is asserted." *In re Hoa Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *5 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) (mem. op.).

A trial court's review of a plea to the jurisdiction that challenges jurisdictional facts "mirrors that of a traditional summary judgment motion." *Mission Consol. II*, 372 S.W.3d at 635. We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. Initially, a plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which includes the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). The defendant challenging jurisdiction then "carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *Mission Consol. II*, 372 S.W.3d at 635. If the defendant meets this burden, then, as in summary judgment practice, the burden shifts to the plaintiff to show that a disputed material fact exists regarding the jurisdictional issue. *Id.* If the defendant fails to carry his burden or a fact issue exists, the trial court should deny the plea. *See id.* But if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.*

## B. No Evidence Motion for Summary Judgment

A governmental entity may also challenge the existence of jurisdictional facts in a no-evidence motion for summary judgment, "by asserting that the plaintiff has produced no evidence of an element required for the immunity waiver to apply." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). Under Rule 166a(i), "[a]fter adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "The motion must state the elements as to which there is no evidence." *Id.* "The court must grant the motion unless the respondent produces summary judgment evidence raises a genuine issue of material fact." *Id.*

"The foundational rule in all cases is that '[a] party suing the governmental unit bears the burden of affirmatively showing waiver of immunity.'" *Powell*, 704 S.W.3d at 447 (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022)). We review the trial court's ruling de novo, viewing the evidence in the light most favorable to the nonmovant. *See Swanson*, 590 S.W.3d at 551; *Polk v. Tex. Office of Consumer Credit Comm'r*, No. 01-22-00712-CV, 2024 WL 4205060, at *8 (Tex. App.—Houston [1st Dist.] Sept. 17, 2024, no pet.) (mem. op.).

11

When a trial court grants either a plea to the jurisdiction or a motion for summary judgment, an appellate court must affirm if the trial court's decision to grant is supported by at least one of multiple grounds presented. *See Inwood Nat'l Bank v. Fagin*, 706 S.W.3d 342, 346 (Tex. 2025) (summary judgment); *see, e.g.*, *Kownslar v. City of Houston*, 654 S.W.3d 472, 479 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) ("If the trial court signs an order sustaining a plea to the jurisdiction without specifying in the order the grounds upon which the trial court relied, we must affirm if any of the independent grounds in the jurisdictional plea has merit.").

## II.    Governmental Immunity and the Texas Tort Claims Act

"Governmental units are immune from suit unless immunity is waived by state law." *Maspero*, 640 S.W.3d at 528. Governmental immunity, like sovereign immunity from which it is derived, exists to protect political subdivisions, such as municipalities, from suit and liability for monetary damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("*Mission Consol. I*"). Governmental immunity deprives a trial court of subject matter jurisdiction over lawsuits against the State's political subdivisions unless immunity is waived by the Legislature. *See Mission Consol. II*, 372 S.W.3d at 636; *Miranda*, 133 S.W.3d at 225–26. "We interpret statutory waivers of immunity narrowly, as the

12

Legislature's intent to waive immunity must be clear and unambiguous." *See Mission Consol. I*, 253 S.W.3d at 655 (citing TEX. GOV'T CODE § 311.034).

The Legislature has expressly waived immunity to the extent provided by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109 (TTCA); *Mission Consol. I*, 253 S.W.3d at 655. The TTCA generally waives governmental immunity for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.

## III. Appellants' Claims

The appellants' claims generally fall into three categories: claims relating to the use of a golf cart, golf clubs, and golf balls, premises liability claims, and loss of consortium claims.[4]

---

[4] In their amended petition, the appellants also pleaded "negligence in general," without alleging any particular facts distinct from those relating to the categories

**A.      Claims Relating to Thomas's Use of a Golf Cart and Golf Clubs**

In their amended petition, the appellants pleaded alternative causes of action. They alleged that Thomas "was either acting within the course and scope of his employment with Jersey Meadows Golf Course that involved his operation and use of a motorized golf cart and use of tangible personal property in the form of golf clubs and other golfing equipment on the premises of the Jersey Meadows Golf Course immediately striking Plaintiff [Hall] or, alternatively was acting on his own at the time of the injury." These allegations implicate the immunity waiver in section 101.021(1) because the appellants alleged the use of motor-driven equipment, and section § 101.021(2) because the appellants alleged the use of tangible personal property. *See id.* As to the City's alleged liability, both such claims require that the City be legally responsible for Thomas's actions for any waiver of immunity to apply. As to a claim under section 101.021(1), Thomas must be acting within his scope of employment. *See id.* The same would be true under a theory of respondeat superior in the case of a claim arising under section 101.021(2) as alleged in the amended petition. *See Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 846 (Tex. 2018) (doctrine of respondeat superior makes employer liable for actions of employee committed within scope of employment); *Harris Cnty. v. Deary*, 695 S.W.3d 566, 572 (Tex. App.—Houston

---

we defined above. The Tort Claims Act does not include a waiver of governmental immunity for "negligence in general."

[1st Dist.] 2024, no pet.) ("A plaintiff may assert a claim against a governmental unit based on its employee's conduct under the doctrine of respondeat superior.").

As part of its no evidence motion for summary judgment, the City alleged that "[n]o evidence exists that Thomas was acting in the course and scope of his paid employment for the City at that time [when Hall was struck by a golf ball]. TEX. R. CIV. P. 166a(i)." Clerk's R. 87–88, 110. The appellants did not produce summary judgment evidence raising a genuine issue of material fact about whether Thomas was acting in the course and scope of his employment with the City because they produced no summary judgment evidence in response to the City's motion. Because the appellants' allegations that the City waived its immunity based on Thomas's use of motor-driven equipment and tangible personal property depend on a finding that Thomas was acting within the course and scope of his employment at the time of Hall's accident, we conclude that the appellants did not raise a genuine issue of material fact in response to the City's no evidence motion for summary judgment, and the trial court correctly dismissed those claims on that basis. *See* TEX. R. CIV. P. 166a(i); *see also Powell*, 704 S.W.3d at 447.

Moreover, the evidence that the City attached to its plea to the jurisdiction—namely, Matt Jones's declaration and attachments and Thomas's deposition testimony—conclusively proved that Thomas was not working at the time of the accident, his job responsibilities did not include playing golf, and he was not acting

15

within the course and scope of his employment when Hall was struck by the golf ball. Thus, the trial court also could have correctly dismissed those claims based on the City's negation of a waiver of immunity. *See Mission Consol. II*, 372 S.W.3d at 635.

We overrule the appellants' first two issues.

## B.    Premises Liability Claim

The appellants also alleged that the City was negligent for "failing to provide a warning to persons endangered by Defendants' actions, including Valerie Hall." In their response to the City's combined plea to the jurisdiction and motion for summary judgment, the appellants argued about a premises liability claim and whether Hall was a licensee or an invitee. Clerk's R. 451–53. She argued that her amended premises liability claim "specifically faults the City for 'failing to provide warnings to persons such as Plaintiff Hall, endangered by the City's failure to warn invitees on its golf course of the danger of errant shots and dangerously struck golf balls." Clerk's R. 454. Similarly, in their brief, the appellants argue that Hall was an invitee not a licensee. Appellant's Br. 12. These allegations and arguments implicate the immunity waiver in section 101.021(2) because they relate to a claim for premises liability. *See, e.g.*, *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) (explaining that duty owed by landowner in premises liability suit depends on whether plaintiff was licensee or invitee).

16

The Tort Claims Act waives governmental immunity for personal injury caused by a condition of real property if the governmental unit would, were it a private person be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE § 101.021(2).

Under section 101.022, when a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." TEX. CIV. PRAC. & REM. CODE § 101.022(a); *see State v. Shumake*, 199 S.W.3d 279, 283 n.3 (Tex. 2006). "If the plaintiff pays for the use of the premises, the governmental unit owes the plaintiff the duty owed to an invitee." *Ogueri v. Tex. S. Univ.*, No. 01-10-00228-CV, 2011 WL 1233568, at *3 (Tex. App.— Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.) (quoting *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.)).

"To prevail in a premises-liability case, the invitee plaintiff must show that (1) the owner had actual or constructive knowledge of the condition at issue; (2) the condition was unreasonably dangerous; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately

17

caused the plaintiff's injuries."[5] *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022) (per curiam) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

The duty owed to a licensee "requires that 'a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not.'" *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016) (quoting *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). Absent willful, wanton, or grossly negligent conduct, to prevail in a premises liability case, the licensee plaintiff must show that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee. *Payne*, 838 S.W.2d at 237.

Both standards require the plaintiff to plead and prove the existence of a condition of the premises that was unreasonably dangerous or created an unreasonable risk of harm. *See United Supermarkets*, 646 S.W.3d at 802 n.4;

---

[5] A landowner generally has no duty to warn invitees of "hazards that are open, obvious, or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

*Payne*, 838 S.W.2d at 237. "Within the Tort Claims Act's context, [the Texas Supreme Court has] defined 'condition' as 'either an intentional or an inadvertent state of being.'" *Sampson*, 500 S.W.3d at 388 (cleaned up). "To state a 'condition' claim under the Tort Claims Act, there must be an allegation of 'defective or inadequate property.'" *Id.*; *see Dall. Cnty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009) (per curiam) ("For a defective condition to be the basis for complaint, the defect must pose a hazard in the intended and ordinary use of the property.").

In its plea to the jurisdiction, the City argued that the amended petition failed to allege facts supporting a claim based on a condition of real property as needed to demonstrate a waiver of immunity under the Tort Claims Act. We agree.

The plaintiff has the burden to demonstrate the trial court has jurisdiction, and it may do so by pleading facts that, if true, establish a statutory waiver of immunity. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023); *City of Houston v. Page*, No. 01-24-00329-CV, 2025 WL 1688425, at *2 (Tex. App.—Houston [1st Dist.] June 17, 2025, pet. denied) (mem. op.). The appellants' amended pleading here fails to identify a dangerous or defective premises condition: the appellants argue about the City's failure to warn about the "City's actions on its premises such as the danger of errant shots and dangerously struck golf balls." App. Br. 12. The appellants also state:

19

In the instant case, Appellant Hall sues over a condition that is not consistently or constantly existent, yet to which she is required to be exposed.

An errant golf shot is not a fixed hazard. It is not like a hole in the ground, or a puddle, or some other generally non-moving object. It becomes a hazard in a matter of seconds and ceases to be a hazard just as quickly. It is only for a brief moment that it actually is hazardous, but during that time it can cause devastating injury, as it did in the case of Hall.

App. Br. 18.

What the appellants describe is the hazard that exists on a golf course due to the use of tangible personal property, namely, golf clubs and golf balls. In section III.A., we explained that the Tort Claims Act does not waive governmental liability for the negligent activity claims alleged in the amended petition. Because the appellants failed to plead facts that would establish a waiver of immunity for a premises liability claim under sections 101.021(2) and 101.022(a), we conclude that the trial court lacked jurisdiction over any purported premises liability claims, and it properly dismissed them. *See, e.g.*, *Rattray*, 662 S.W.3d at 865.

We overrule the appellants' fourth, fifth, and sixth issues.

## C. Loss of Consortium Claims

In sections III.A. and III.B., we explained that the trial court properly dismissed the claims relating to the use of a golf cart, golf clubs, and golf balls and premises liability claims for lack of jurisdiction. The only remaining claims are the claims for loss of consortium brought by Hall's husband and son. Claims for loss

20

of spousal or parental consortium are derivative claims. *Reagan v. Vaughn,* 804 S.W.2d 463 (Tex. 1990), *clarified on reh'g*, 804 S.W.2d at 468 (Tex. 1991). Because Hall's recovery is barred by governmental immunity, the loss of consortium claims are also barred by governmental immunity, and the trial court correctly dismissed those claims. *See id.* We overrule the appellants' eighth issue.

\* \* \*

Having concluded that the trial court properly dismissed all the appellants' claims against the City for lack of jurisdiction due to the City's governmental immunity, we do not need to reach the appellants' second and seventh issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the judgment of the trial court.

Susanna Dokupil
Justice

Panel consists of Chief Justice Adams, and Justices Morgan and Dokupil.