**Affirmed and Memorandum Opinion filed June 4, 2026.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00117-CV

**NARIOCAN ENTERPRISES LLC D/B/A CANTU'S PHARMACY,**
**Appellant**

**V.**

**THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION, Appellee**

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-001103**

## MEMORANDUM OPINION

The Texas Health and Human Services Commission (the Commission) Office of Inspector General began investigating Appellant Nariocan Enterprises d/b/a Cantu's Pharmacy (Nariocan) for improperly submitted claims for payment by Texas Medicaid for COVID-19 at-home test kits. The Commission sent a letter to Nariocan explaining its investigation and requesting a response addressing the allegations. In response, Nariocan filed this lawsuit, seeking declaratory relief and

alleging a due process violation.

The Commission filed a plea to the jurisdiction on multiple grounds alleging that Nariocan's claims were barred by sovereign immunity, Nariocan failed to exhaust administrative remedies, and that Nariocan's claims were not ripe. The trial court granted the Commission's plea to the jurisdiction and dismissed all of Nariocan's claims with prejudice. We conclude the trial court did not err and affirm its judgment.

## BACKGROUND

Nariocan operates a pharmacy in Texas and is enrolled as a Texas Medicaid Pharmacy Provider subject to the administration of the Texas Medicaid Program by the Commission. *See* Tex. Hum. Res. Code § 32.021(a). The Office of Inspector General is responsible for the investigation of Medicaid fraud and the enforcement of state law relating to the provision of the Medicaid program. Tex. Gov't Code § 544.0103.

The Commission opened an investigation into certain claims paid by Medicaid to Nariocan. According to Nariocan, the Commission alleged that it had issued a directive in the Texas Medicaid Provider Procedures Manual (Provider Manual) instructing pharmacies that Medicaid was no longer authorizing refills, effective January 17, 2022, for COVID-19 at-home test kits. In response to notification about the investigation, Nariocan filed the underlying lawsuit.

Nariocan asserted a claim under the Uniform Declaratory Judgments Act (UDJA), seeking declarations that the Commission was required to 1) issue notice to Nariocan of changes to the Provider Manual, and 2) establish actual notice to Nariocan of the changes prior to any enforcement or sanction. The Commission responded by filing a plea to the jurisdiction challenging jurisdiction over each of

2

Nariocan's claims. The Commission contended that the UDJA claim was barred by sovereign immunity, the claim was not ripe, and Nariocan had failed to exhaust administrative remedies.

Nariocan amended its pleadings to add a claim for a due process violation under Texas Constitution Article 1, Section 19, claiming that the Commission infringed on its "right to notice of applicable regulations in which administrative review and alleged penalties resulting therefrom." The Commission filed a supplemental plea to the jurisdiction asserting that sovereign immunity barred the due process claim because Nariocan had failed to assert a viable constitutional claim. The trial court granted the Commission's plea to the jurisdiction and dismissed Nariocan's claims with prejudice. Nariocan filed a motion to modify the trial court's judgment asking that the trial court modify its order to reflect that dismissal of its suit was without prejudice to refiling. The trial court denied Nariocan's motion to modify, and this appeal followed.

**ANALYSIS**

In three issues Nariocan argues (1) the trial court erred in granting the Commission's plea to the jurisdiction; (2) the trial court abused its discretion by not allowing jurisdictional discovery; and (3) the trial court erred in dismissing Nariocan's claims with prejudice to refiling. We begin by addressing Nariocan's assertion that the plea to the jurisdiction was granted in error.

## I.     Standard of Review and Governing Law

Unless the Legislature has clearly and unambiguously waived sovereign immunity, the State and its agencies retain immunity from suit. *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). Sovereign immunity implicates a trial court's jurisdiction and is properly raised in a plea to the jurisdiction. *Id.* Whether a

3

trial court has jurisdiction is a question of law subject to de novo review. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

When considering a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). We first determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In doing so, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Id*. at 226–28. The plea must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150.

## II. The Trial Court did not Err in Granting the Commission's Plea to the Jurisdiction.

On appeal, Nariocan argues that the trial court erred by dismissing its claims for lack of jurisdiction because Nariocan's due process claim (1) is limited to seeking only equitable relief; (2) is ripe in that Nariocan is alleging the active sustainment of injuries from the Commission's investigation; and (3) is not subject to an exhaustion-of-administrative remedies requirement due to the nature of the constitutional challenge it presents. Nariocan also contends that the trial court had jurisdiction over its declaratory action because it properly falls within Section 2001.038 of the Administrative Procedure Act, which authorizes certain actions for declaratory judgment against a state agency.

### A. Nariocan's Due Process Claim is Barred by Sovereign Immunity.

We first address whether Nariocan affirmatively demonstrated the trial court's jurisdiction over its due process claim. Nariocan alleged that the Commission deprived it of "due process under *Article I, Section 19* of the Constitution of the State

4

of Texas by infringing on its right to notice of the applicable regulations . . . ." Nariocan also alleged that the Commission's actions were arbitrary, capricious, unreasonable, unlawful, and unconstitutional. The Commission responded that it retained its sovereign immunity because Nariocan had failed to allege a viable constitutional claim.

On appeal, Nariocan asserts that its due process claim is not barred by immunity because Nariocan seeks only declaratory and injunctive relief to prevent an ongoing violation of law and not monetary damages. The Commission responds that the claim is facially invalid. While "sovereign immunity does not bar a suit to vindicate constitutional rights, immunity from suit is not waived if the constitutional claims are facially invalid." *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (citations omitted).

Article I, Section 19 of the Texas Constitution states that "[n]o citizen of this State shall be deprived of life, liberty, property, or privileges or immunities . . . except by the due course of the law of the land." Tex. Const. Art. I, § 19. Accordingly, "[b]efore any substantive or procedural due-process rights attach …, the citizen must have a liberty or property interest that is entitled to constitutional protection." *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018). A due course of law claim, therefore, requires us to answer two questions: (1) does the plaintiff have a liberty or property interest that is entitled to due process protection, and (2) did the government comply with due course of law in depriving the plaintiff of that interest. *Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 905 (Tex. 2021). "This inquiry requires a careful analysis of the interest of which the plaintiff is allegedly being deprived." *State v. Loe*, 692 S.W.3d 215, 228 (Tex. 2024) (citing *Villarreal*, 620 S.W.3d at 905).

In its petition, Nariocan alleged the Commission infringed on "its right to

5

notice of applicable regulations . . . ." "A right is vested, and thus constitutionally protected, when one has a 'legitimate claim of entitlement rather than a mere unilateral expectation.'" *Tex. Parks & Wildlife Dep't v. RW Trophy Ranch, Ltd.*, 712 S.W.3d 943, 954 (Tex. App.—15th Dist. 2025, no pet.) (quoting *Honors Acad.*, 555 S.W.3d at 61). Relevant here, the Texas Administrative Code provides that "[a]ll persons and affiliates who participate in the Medicaid and other HHS programs *are required to know* … federal and state law, including *rules and regulations, that govern Medicaid* or other HHS programs . . . ." 1 Tex. Admin. Code § 371.1605(b)(1) (emphasis added).

Here, Nariocan has not identified any rule or regulation for which HHS failed to provide publication notice. Section 371.1065 places the burden on Nariocan to know the Medicaid regulations, not on the State to keep Nariocan specially informed of changes to those regulations. Because Nariocan has no constitutionally protected right to special notice of Medicaid regulations changes, it failed to state a cognizable due process claim. *See Klumb*, 458 S.W.3d at 17 (holding that because claimants had no vested rights in the benefits at issue, "their pleadings conclusively negate the existence of subject-matter jurisdiction over their constitutional claims.").

## B. Nariocan's Declaratory Judgment Claim Is Barred by Sovereign Immunity.

Next, Nariocan asserts that it invoked the trial court's jurisdiction regarding its declaratory judgment claim. According to Nariocan, the Commission claimed it had issued a directive to Nariocan that Medicaid was no longer authorizing refills for COVID-19 home test kits. Nariocan claims the delivery of the notices had not been provided. Nariocan asked the trial court to declare that the Commission was required to (1) "issue to [Nariocan] notice of changes to the Texas Medicaid Provider Procedure Manual," and (2) establish "actual notice" to Nariocan of any

6

"administrative changes prior to enforcement of any administrative action." Nariocan also asked that the Court "affirmatively declare its rights with respect to statutory and administrative policy and enforcement as referenced above."

"[T]here is no general right to sue a state agency for a declaration of rights." *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). However, Nariocan asserts that its claim was authorized under Section 2001.038 of the APA, which creates a cause of action for declaratory judgment regarding "[t]he validity or applicability of a rule . . . if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code § 2001.038(a). Nariocan is correct in that Section 2001.038 is a grant of original jurisdiction and waives sovereign immunity. *Id*. § 2001.038(a), (c); *Tex. Logos, L.P. v. Tex. Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.). But to establish jurisdiction under Section 2001.038, a claimant must challenge a "rule." *Gant v. Abbott*, 574 S.W.3d 625, 631 (Tex. App.—Austin 2019, no pet.) ("When no rule is being challenged, a claimant cannot obtain declaratory relief under the APA against the State, its agencies, or its agents because sovereign immunity bars the cause of action."). In its plea to the jurisdiction and in this Court, the Commission alleged that Nariocan has not identified a "rule" that is amenable to challenge under Section 2001.038. We agree.

In its reply brief, Nariocan responds to the Commission's claim that it has not challenged a rule by asserting that "[t]he 'rule' at issue is the requirement that pharmacies obtain a doctor's prescription before dispensing COVID-19 test kits to Medicaid patients . . . ." Without support in the record, Nariocan claims its lawsuit "squarely contests the validity and applicability of that requirement . . . ." But such a challenge does not appear in Nariocan's pleadings. "When assessing a plea to the

jurisdiction, our analysis begins with the live pleadings." *Heckman*, 369 S.W.3d at 150. And here, the live pleadings only seek a declaration related to Nariocan's rights regarding notice of changes to the Texas Medicaid Provider Manual. Accordingly, because Nariocan has failed to challenge a rule in its pleadings, it failed to demonstrate the trial court's jurisdiction over its declaratory judgment claim. *See Gant*, 574 S.W.3d at 631. The validity of the Medicaid requirement that pharmacies obtain a doctor's prescription for at home COVID-19 test kits has not been challenged in this suit and we do not address it.

The trial court did not err in granting the Commission's plea to the jurisdiction. We overrule Nariocan's first issue. Because we hold that the trial court properly granted the Commission's plea to the jurisdiction based on sovereign immunity, we do not address the Commission's alternative grounds raised in its plea that Nariocan's claims were not ripe or that it was required to exhaust administrative remedies.

## II. The Trial Court Did Not Abuse its Discretion by Denying Jurisdictional Discovery.

In Nariocan's second issue, Nariocan asserts the trial court erred by denying Nariocan the opportunity to obtain jurisdictional discovery. The Commission filed a motion to stay discovery pending the trial court's ruling on its plea to the jurisdiction, asserting that Nariocan's discovery requests went to the merits of its claim, not the trial court's jurisdiction. The trial court granted the Commission's motion. On appeal, Nariocan argues that the trial court abused its discretion in staying discovery if we determine "the trial court's ruling on the plea to the jurisdiction turns on the constitutionality of the Commission's legal basis for determining that Nariocan's professional activities were in any way unlawful . . . ." The Commission responds that the trial court was well within its discretion to refuse jurisdictional discovery

when the requested discovery will not impact the jurisdictional analysis.

A plea to the jurisdiction may challenge either (1) the sufficiency of the pleadings, or (2) the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges jurisdictional facts, a trial court considers relevant evidence. *Id.* at 227. But "[w]hen a plea to the jurisdiction challenges the pleadings, [the trial court] determine[s] if the pleader has alleged facts that affirmatively demonstrate [its] jurisdiction to hear the cause." *Id.* at 226. In making this determination, a trial court looks to the pleadings. *Id.*

The Commission did not challenge the existence of jurisdictional facts in its plea to the jurisdiction but rather challenged the sufficiency of Nariocan's pleadings to demonstrate jurisdiction. Accordingly, no discovery was necessary for the trial court to rule on the Commission's plea to the jurisdiction. *See In re Dallas Cnty.*, No. 05-21-01144-CV, 2022 WL 1467987, at *3 (Tex. App.—Dallas May 10, 2022, orig. proceeding) (mem. op.) ("Because relators' jurisdictional challenges are solely based on the sufficiency of the pleadings and there is no fact issue to be resolved, we conclude the trial court abused its discretion by compelling *any* discovery before considering the pleas to the jurisdiction."). Jurisdictional discovery, therefore, was not warranted and the trial court did not abuse its discretion in staying discovery while it considered the plea to the jurisdiction. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 162 (Tex. 2004) (concluding denial of motion for continuance to conduct jurisdictional discovery was not abuse of discretion because material sought in discovery was not in response to claim of official immunity). We overrule Nariocan's second issue.

## III. The Trial Court did not Err in Ordering Dismissal with Prejudice.

In Nariocan's third issue, Nariocan asserts the trial court erred in dismissing its claims with prejudice. Nariocan argues that when a trial court dismisses a claim

for lack of ripeness or failure to exhaust administrative remedies, it must dismiss without prejudice to refiling. However, we affirmed the trial court's dismissal of Nariocan's claims on sovereign immunity grounds. "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

Here, Nariocan amended its petition after the Commission filed its initial plea to the jurisdiction. The Commission filed a supplemental plea to the jurisdiction and over a month later Nariocan filed its response. Nariocan had a reasonable opportunity to amend its pleadings. Because Nariocan's pleadings did not allege facts constituting a waiver of immunity, dismissal with prejudice was proper. *See id.*; *City of El Paso v. Wilkins*, 281 S.W.3d 73, 75 (Tex. App.—El Paso 2008, no pet.) ("A trial court lacks subject matter jurisdiction when a cause of action is barred by sovereign immunity, and dismissal with prejudice is proper."). We overrule Nariocan's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

10